Ms. Joann G. Slay County Attorney Gadsden County Post Office Box 300 Quincy, Florida 32351
Dear Ms. Slay:
You ask on behalf of the Board of County Commissioners of Gadsden County substantially the following question:
Does the Board of County Commissioners of Gadsden County have the right to exclude municipal residents from a referendum concerning mandatory garbage collection in the unincorporated area of the county?
In sum:
The Board of County Commissioners of Gadsden County has determined that a real and substantial benefit is provided to the incorporated areas in the county and has appropriated municipal tax moneys, along with other county moneys, to fund any shortfall in the mandatory garbage collection program. Therefore, it is my opinion that municipal residents in Gadsden County may not be excluded from voting in a referendum concerning mandatory garbage collection in the unincorporated area of the county.
You have advised this office that Gadsden County Ordinance 87-009 requires the owner of each occupied structure in the unincorporated area of the county to pay a fee to the county for waste collection. While the major portion of the fees collected by the county for this service is used to pay the waste collector who performs the services, a part of these fees is retained by the county to defray landfill costs.
According to your letter, some owners have refused to pay these charges, which has created a shortfall in anticipated revenues to pay the private garbage collector. It appears from the information submitted to this office that the county has appropriated moneys from the general revenue fund, which consist of ad valorem revenues as well as non ad valorem funds, to cover any deficits in the program.
Section 1(h), Art. VIII, State Const., provides:
Property situate within municipalities shall not be subject to taxation for services rendered by the county exclusively for the benefit of the property or residents in unincorporated areas.[1]
As this office noted in AGO 90-30, Florida courts have determined that the benefit to the municipality must only be real and substantial.[2] The courts have not required that the benefit to the municipality be direct and primary, but that, as The Supreme Court of Florida has stated, "[a]ll that is required is a minimum level of benefit which is not illusory, ephemeral or inconsequential. . . ."[3]
Compliance with these provisions requires that county funds obtained in part by taxing municipal property situated within the county — which would include moneys in the county's general fund[4] — may not be used to fund waste collection services in the unincorporated areas of the county exclusively unless providing such services substantially benefits municipalities.
The information you have supplied this office indicates that the Board of County Commissioners of Gadsden County has appropriated moneys from the general fund for making up any shortfall in waste collection payments.[5] Therefore, I must assume that the county commission has determined that the incorporated areas of the county receive a substantial benefit from the waste collection service.
In light of the expenditure of municipal funds for this service, the voters of the incorporated areas should be included in a county-wide referendum regarding continuation of mandatory garbage collection since municipal voters, as taxpayers, would be substantially interested and affected by resolution of this issue.[6]
Pursuant to s. 125.01(1)(y), F.S., the county commission is authorized to:
Place questions or propositions on the ballot at any primary election, general election, or otherwise called special election,[7] when agreed to by a majority vote of the total membership of the legislative and governing body, so as to obtain an expression of elector sentiment with respect to matters of substantial concern within the county.[8] No special election may be called for the purpose of conducting a straw ballot.
Therefore, it is my opinion that the Board of County Commissioners of Gadsden County may not exclude municipal residents from voting in a referendum concerning mandatory garbage collection in the unincorporated area of the county since municipal tax moneys have been appropriated to help pay for shortfalls in the program and this is a matter of substantial concern to municipal residents as well as residents of the unincorporated areas of the county.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] And see, s. 125.01(7), F.S., stating: No county revenues, except those derived specifically from or on behalf of a municipal service taxing unit, special district, unincorporated area, service area, or program area, shall be used to fund any service or project provided by the county when no real and substantial benefit accrues to the property or residents within a municipality or municipalities.
[2] See, City of St. Petersburg v. Briley, Wild Associates, Inc., 239 So.2d 817, 823 (Fla. 1970).
[3] Town of Palm Beach v. Palm Beach County, 460 So.2d 879, 881
(Fla. 1984).
[4] Section 129.02(1), F.S.
[5] See, AGO 90-30, stating that the collection of waste, thereby eliminating a source of pollution, may constitute a substantial benefit to the incorporated areas of the county, but that such a determination involves questions of fact and mixed questions of law and fact and must be made by the county commission.
[6] See, s. 102.168, F.S., providing that any taxpayer may contest the result of any question submitted by referendum to the voters.
[7] And see, Ch. 100, F.S., prescribing the conducting of and issues which may be the subject of primary, general, or special elections.